IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Richard Brown, Louis C. Mancuso, and Robert J. Brinson, individually and on behalf of all persons similarly situated, | ) ) ) ) | |
| | ) | C/A No. 2:07-CV-03852-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Charles Schwab & Co., Inc., | ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Battery Wealth Management, Inc. and Wayne Cassaday, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

This matter is before the court on defendant Schwab's motion to stay this action pending resolution of its Federal Rule of Civil Procedure 23(f) petition for appeal. For the reasons set forth below, Schwab's motion is granted. Further, the court amends the class definition in its December 9, 2009 class certification order.

## I. BACKGROUND

This case arises from Schwab's alleged conduct related to Albert Parish Jr.'s fraudulent investment scheme. Specifically, plaintiffs' claims center on Schwab's alleged role in enabling Parish to secure investors' money held in individual retirement accounts. On December 9, 2009, the court granted plaintiffs' motion for class certification, identified the class claims, and appointed class counsel. On December 23, 2009, Schwab petitioned the United States Court of Appeals for the Fourth Circuit for

1

permission to appeal this court's class certification decision. See Fed. R. Civ. P. 23(f). That petition remains pending at the Fourth Circuit. Rule 23(f) provides that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Schwab has moved for a stay.

## II. DISCUSSION

### A. Motion to Stay

Though the Fourth Circuit has not adopted a specific test to apply to stays requested pursuant to Rule 23(f), as a general proposition, a district court has the power to stay proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In deciding whether to exercise this power, a court "must weigh competing interests and maintain an even balance." Id. at 254-55. If the stay could possibly harm another party, then the court must find the stay justified by "clear and convincing circumstances outweighing" such possible harm. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

The difference between this case as a class action and this case as a direct action is significant, especially in terms of the burdensome and costly class-wide discovery that will take place if this case proceeds as a class action. Class-wide merits discovery would not only burden the parties (particularly Schwab), but it could also burden the court if discovery disputes were to arise. And any expenditure of resources on class-wide discovery will be for naught if the Fourth Circuit sides with Schwab in its appeal of the class certification decision.

Plaintiffs argue that they and the class of investors they represent, many of whom are of retirement age, have suffered and will continue to suffer financial harm until this case is resolved. The court is certainly sympathetic to plaintiffs' and the class members' financial dilemmas. However, the court notes that, absent a settlement that the court has no reason to believe is looming, this case is far from resolution. Moreover, there is no reason to think that the Fourth Circuit will not resolve Schwab's appeal petition in a timely manner. Thus, any delay occasioned by a stay of this case pending Schwab's appeal is minimal when viewed in light of the likely overall duration of these proceedings.

Under these circumstances, the court finds that a stay is warranted. Schwab's motion is granted.

**B. Class Definition**

In its appeal petition to the Fourth Circuit, Schwab argues that this court erred by broadening plaintiffs' proposed class definition. The court's class certification order contains the following class definition:

> All persons and entities who held IRA and other *investment* accounts with Charles Schwab & Co. ("Schwab") and invested in any Parish Investment Vehicle through the brokerage and custodial services provided by Schwab.

Order at 4-5 (emphasis added). The definition proposed by plaintiffs and the one the court intended to certify is,

> All persons and entities who held IRA and other *retirement* accounts with Charles Schwab & Co. ("Schwab") and invested in any Parish Investment Vehicle through the brokerage and custodial services provided by Schwab.

Accordingly, the court hereby amends it December 9, 2009 order to reflect this change in the class definition. The footnoted material included with the class definition remains the

same.

## III. CONCLUSION

Schwab's motion to stay is **GRANTED**, and the court's December 9, 2009 class certification order is **AMENDED** to reflect the correct class definition.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**February 1, 2010
Charleston, South Carolina**